```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF GEORGIA
                COLUMBUS DIVISION
```

ERICA CHANEY,                    *

     Plaintiff,               *

vs.                              *        CASE NO. 4:11-CV-142 (CDL)

TAYLOR COUNTY SCHOOL DISTRICT,   *
*et al.*,
                                 *

     Defendants.
_____
                                 *

<u>O R D E R</u>

Plaintiff Erica Chaney was employed as a family service assistant in a federal grant program called the Safe Schools/Healthy Students Initiative ("Initiative"). The Taylor County Board of Education and Taylor County School District ("School District") acted as the Initiative's fiscal agent and Chaney's employer. Chaney contends that she was suspended and terminated from her employment because she complained of sex discrimination and race discrimination on behalf of Initiative students. Chaney brings retaliation claims against the School District pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* ("Title VI"); 42 U.S.C. § 1981 ("§ 1981"); 42 U.S.C. § 1983 ("§ 1983"); Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"); and

the Georgia Whistleblower Protection Act, O.C.G.A. § 45-1-4.[1]
She also asserts § 1981 race discrimination retaliation claims
against Defendant Wayne Smith, superintendent of the School
District, Defendant Rufus Green, project director of the
Initiative, and Defendant Cicero Latimore, a mental health
therapist for the Initiative who also served as interim project
director of the Initiative for several months, in their
individual capacities pursuant to § 1983. Defendants move for
summary judgment on all claims. For the reasons set forth
below, Defendants' Motion for Summary Judgment (ECF No. 41) is
denied.

DISCUSSION

Title VI prohibits discrimination on the basis of race in
programs receiving federal financial assistance. 42 U.S.C.
§ 2000d. Title VI's prohibition on racial discrimination
includes a prohibition against retaliation for complaining of
racial discrimination. *See Jackson v. Birmingham Bd. of Educ.*,
544 U.S. 167, 183-84 (2005) (holding that retaliation is a form
of discrimination on the basis of sex prohibited under Title
IX); *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1170 n.12
(11th Cir. 2003) (construing Title VI and Title IX *in pari*

---

[1] Chaney cited the First Amendment in her Complaint, but she did not
make any specific factual allegations in support of a First Amendment
claim. Chaney also did not respond to Defendants' motion for summary
judgment regarding a First Amendment claim, so that claim is deemed
abandoned. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599
(11th Cir. 1995) (en banc).

*materia*); *see also Bowers v. Bd. of Regents of Univ. Sys. of Ga.*, 509 F. App'x 906, 912 n.8 (11th Cir. 2013) (per curiam) (recognizing Title VI retaliation claim).  Similarly, "Title IX prohibits sex discrimination by recipients of federal education funding." *Jackson*, 544 U.S. at 173.  Title IX also prohibits retaliation based on complaints of sex discrimination and violations of Title IX.  *Id.* at 183-84.  Neither Title VI nor Title IX permits claims against officials in their individual capacities.  *Shotz,* 344 F.3d at 1170 n.12.  Thus, Chaney may only maintain Title VI and Title IX claims against the School District.

To prevail on her Title VI claim, Chaney must prove that the School District retaliated against her because she complained of racial discrimination.  To prevail on her Title IX claim, she must prove that the School District retaliated against her because she complained of sex discrimination.  For both of these retaliation claims, the Court applies the same analytical framework as applied to Title VII retaliation claims. *Bowers*, 509 F. App'x at 910, 911 n.7.

Chaney did not point to direct evidence of retaliation, so she must proceed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981).  *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002)

(per curiam).  Under that framework, Chaney must first establish a *prima facie* case of retaliation.  *Id.*  To establish a *prima facie* case of retaliation, Chaney must show that (1) she engaged in statutorily protected activity, (2) she suffered a materially adverse employment action, and (3) there was a causal connection between the protected activity and the materially adverse employment action.  *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993).  If Chaney establishes a *prima facie* case of retaliation, then the School District must articulate a legitimate, non-retaliatory reason for the employment action.  *Rojas,* 285 F.3d at 1342.  If the School District articulates a legitimate, non-retaliatory reason for its decision, then Chaney must show that the proffered reason is pretext for retaliation.  *Id.*

At the summary judgment stage, the Court must determine whether a genuine factual dispute exists as to any of these elements of a retaliation claim.  Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's

favor.   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).   A fact is *material* if it is relevant or necessary to the outcome of the suit.   *Id.* at 248.   A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.   *Id.*

The Court has painstakingly reviewed the factual record in this case and finds that when that record is construed in favor of Chaney, as required at this stage of the proceedings, genuine factual disputes exist regarding the following: (1) whether Chaney had a good faith belief that race and sex discrimination had occurred; (2) whether that belief was objectively reasonable; and (3) whether Chaney was suspended and terminated because she complained of race and sex discrimination. Accordingly, the School District is not entitled to summary judgment on Chaney's Title VI and Title IX retaliation claims.

Similarly, a genuine factual dispute exists as to whether the School District violated the Georgia Whistleblower Protection Act, O.C.G.A. § 45-1-4, when it suspended and terminated Chaney.[2]   As previously noted, genuine factual disputes exist as to whether Chaney was suspended and terminated because she complained of Title VI and Title IX violations.   She has also produced evidence from which a reasonable jury could

---

[2] The statute does not authorize a cause of action against individual defendants.   *Jones v. Bd. of Regents of Univ. Sys. of Ga.*, 262 Ga. App. 75, 81, 585 S.E.2d 138, 144 (2003).

conclude that she was terminated for reporting to the Georgia Professional Standards Commission Defendant Green's failure to report child abuse pursuant to O.C.G.A. § 19-7-5 and Green's revoked teaching certificate. Contrary to the School District's primary argument, the Georgia Supreme Court recently clarified that an employee's complaint does not have to pertain to waste, fraud, or abuse in programs or operations funded by the state in order to obtain relief under the statute. *Colon v. Fulton Cnty.*, Nos. S12G1905, S12G1911, S12G1912, 2013 WL 6050390, at *3-*4 (Ga. Nov. 18, 2013). To analyze O.C.G.A. § 45-1-4 claims, Georgia courts have adopted the *McDonnell-Burdine* burden-shifting analysis used in Title VII retaliation cases. *Forrester v. Ga. Dep't of Human Servs.*, 308 Ga. App. 716, 722, 708 S.E.2d 660, 666 (2011). First, Chaney must establish a *prima facie* case by showing that (1) the School District is a "public employer" within the statutory definition; (2) Chaney disclosed "a violation of or noncompliance with a law, rule, or regulation to either a supervisor or government agency;" (3) Chaney "was then discharged, suspended, demoted, or suffered some other adverse employment decision by the public employer;[3] and (4) there is some causal relation between (2) and (3)." *Id.*

Although the School District fails to address the first element, the Court notes that Chaney has pointed to evidence to

---

[3] Chaney's suspension and termination clearly satisfy this prong.

show that she was employed by the School District, Smith Dep. 7:6-10:1; Watson Dep. 7:22-8:8, an agency that receives state funds, O.C.G.A. § 45-1-4(a)(3)-(4).  As for the second element, the School District argues that Chaney's disclosures of Title VI, Title IX, and O.C.G.A. § 19-7-5 violations are not protected by the statute because they were made "with reckless disregard for [their] truth or falsity."  O.C.G.A. § 45-1-4(d)(2).[4]  In the context of whether Chaney's complaints constituted protected activity under Title VI and Title IX, the Court previously found that Chaney has raised a genuine factual dispute as to her good faith and reasonable belief that Title VI and Title IX violations occurred.   Therefore, the Court similarly finds sufficient facts for a reasonable jury to conclude that these disclosures were not made with reckless disregard to their truth or falsity.  Finally, the School District contends that Chaney cannot show a causal link between her complaints and her suspension and termination and that Chaney has no evidence that the proffered reasons for taking these actions were pretext for retaliation.  As with the Title VI and Title IX claims, the Court concludes that Chaney has pointed to sufficient evidence to create a genuine factual dispute as to whether she was suspended and terminated because of her complaints.  Therefore,

---

[4] The School District concedes that Chaney's disclosure about Green's revoked teaching certificate was not made with reckless disregard for its truth or falsity.  Br. in Supp. of Defs.' Mot. for Summ. J. 26, ECF No. 41-1.

the School District is not entitled to summary judgment on Chaney's O.C.G.A. § 45-1-4 claim.

Lastly, the School District and the individual Defendants seek summary judgment as to Chaney's § 1981 race discrimination retaliation claims. Defendants argue that Chaney's claims fail as a matter of law because her allegedly protected expression does not relate to her or another individual's employment relationship. But § 1981's prohibitions against racial discrimination are not limited to the employment context. 42 U.S.C. § 1981(a). Defendants further argue that Chaney's § 1981 claims fail because only a student or parent directly affected by the alleged racial discrimination may assert a claim under § 1981. In response, Chaney points out that the Supreme Court has recognized that § 1981 encompasses claims of retaliation for engaging in protected expression to help a different individual suffering from racial discrimination under § 1981. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 452, 457 (2008). Defendants have failed to address Chaney's response. At this stage of the proceedings, the Court is not convinced by Defendants' arguments that Chaney's § 1981 claims fail as a matter of law. Therefore, Defendants are not entitled to summary judgment on these claims.

CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 41) is denied.

IT IS SO ORDERED, this 2nd day of January, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE